NOT DESIGNATED FOR PUBLICATION

No. 128,546

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

BYRON L. HOGAN,
*Appellant.*

MEMORANDUM OPINION

Appeal from Sedgwick District Court; KEVIN M. SMITH, judge. Submitted without oral argument. Opinion filed July 17, 2026. Affirmed.

*Michael P. Whalen*, of Law Office of Michael P. Whalen, of Wichita, for appellant.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before BRUNS, P.J., SCHROEDER and GARDNER, JJ.

PER CURIAM: Byron L. Hogan appeals the district court's denial of his motion to correct an illegal sentence under K.S.A. 22-3504. The district court found Hogan's motion was barred by the res judicata doctrine, which generally prevents a litigant from relitigating their claim that the courts previously resolved. Although we do not agree that res judicata bars Hogan's motion, we find no reversible error and thus affirm.

FACTUAL AND PROCEDURAL HISTORY

In 2011, a jury convicted Hogan of rape, attempted aggravated criminal sodomy, and violation of a protective order. A presentence investigation (PSI) report showed Hogan's criminal history score was A. The PSI contained a criminal history worksheet with Hogan's prior convictions. That worksheet listed three person felonies and five person misdemeanors. One person felony resulted from three aggregated misdemeanors, listed in entries 3, 5, and 7 with the conviction code "AMC" per K.S.A. 2011 Supp. 21-6811(a). See K.S.A. 21-6811(a) (The Kansas Sentencing Guidelines direct that "[e]very three prior adult convictions . . . of class A and class B person misdemeanors in the offender's criminal history, or any combination thereof, shall be rated as one adult conviction . . . of a person felony for criminal history purposes.").

Hogan did not challenge two person felonies (entries 6 and 12) or three of his person misdemeanors (entries 1, 9, and 16). But he did challenge five misdemeanors on his criminal history worksheet at sentencing—entries 3, 5, 7, 8, and 11. Hogan claimed he lacked counsel for those misdemeanor convictions or had not entered knowing pleas for them. An uncounseled misdemeanor conviction for which a defendant was sentenced to prison time, even if prison time was conditioned on probation, is unconstitutional and cannot be used in a subsequent criminal proceeding for sentence enhancement. *State v. Roberts*, 314 Kan. 316, 320, 498 P.3d 725 (2021). Hogan claimed that correcting this error would reduce the severity of his criminal history.

The State addressed Hogan's objections at sentencing. The State acknowledged that entry 3 did not show an attorney of record and agreed it should not be counted for criminal history purposes. For entry 7, the State initially found no attorney of record but then obtained a document naming one. Still, the district court rejected the evidence as insufficient and omitted that conviction from the score. See K.S.A. 21-6814(c) (placing burden on State to prove burden by a preponderance of the evidence that the defendant

committed the crime, when defendant challenges the accuracy of convictions in the criminal history worksheet at time of sentencing). Entries 3 and 7 were thus excluded from Hogan's criminal history score.

The caption for entry 5 showed "Peter Hogan, a local attorney, was counsel of record." And after he withdrew, Russell Mills took over as counsel. Thus, the State asked to include entry 5 in Hogan's score. For entry 8, the document listed "CPD" as the attorney of record. The district court believed that the attorney was a "[p]ublic defender," and the State agreed. Entry 11 similarly listed what appeared to be a public defender, so the State asked the court to count both 8 and 11.

The district court reviewed the evidence from the certified copies of disposition sheets and concluded that entries 5, 8, and 11 would be included in Hogan's criminal history score. The district court also found those were properly scored as person misdemeanors. Then the district court imposed a controlling sentence of 592 months in prison on the primary count and ordered concurrent 55-month and 12-month sentences for the other two offenses.

Hogan unsuccessfully appealed his convictions in 2013, but Hogan did not challenge his sentence or his criminal history in that direct appeal. See *State v. Hogan*, No. 107,529, 2013 WL 2991134 (Kan. App. 2013) (unpublished opinion).

*Motions to Correct an Illegal Sentence*

Hogan waited until January 2022, then filed his first motion to correct an illegal sentence, arguing entries 3, 5, and 7 had been erroneously included in his criminal history score. He claimed that because he had not been properly advised about the consequences of pleading to those charges, they should not have counted against him. He requested an evidentiary hearing on the matter and later requested appointed counsel.

3

Hogan filed an amended motion a year after his initial filing, arguing: (1) in entry 3, he had not been represented by counsel; (2) in entry 5, domestic battery was incorrectly listed because he pleaded to an amended charge of disorderly conduct; (3) in entry 7, he already successfully challenged, so it should have been "stricken"; and (4) in entry 8, he had not been represented by counsel.

Attorney David Miller eventually entered his appearance as Hogan's counsel and supplemented Hogan's motion. He argued that Hogan's motion should not be dismissed as untimely or for failing to include his sentencing issues in his direct appeal. He also challenged the scoring and classifications of entries 5, 8, and 11, arguing lack of clarity as to whether Hogan was represented by counsel. For entries 8 and 11, Miller argued that under *State v. Neal*, 292 Kan. 625, 258 P.3d 365 (2011), a designation of "CPD" was insufficient proof of representation by counsel.

At the non-evidentiary hearing, the State argued that res judicata barred the claims because the arguments about entries 5, 8, and 11 had already been ruled on. In response to Miller's reliance on *Neal*, the State argued the case was distinguishable because Neal had not challenged his convictions in the district court before moving to correct an illegal sentence. Miller conceded this difference but still maintained that Hogan's arguments challenging entries 5, 8, and 11 were not barred and should be granted.

In ruling on the motion, the district court found *Neal* distinguishable because Hogan, unlike Neal, had challenged the entries at sentencing. The court added that Hogan had successfully challenged two of his convictions. The district court made additional findings, suggesting that Hogan could have appealed the decisions. Then, finding res judicata barred the claim, the district court denied Hogan's motion to correct an illegal sentence.

Hogan timely appeals from the district court's denial of his first motion under K.S.A. 22-3504.

## DID THE DISTRICT COURT PROPERLY APPLY RES JUDICATA TO THE SENTENCING CLAIM?

Hogan challenges the district court's ruling as ignoring basic procedural rules for reviewing an illegal sentence claim and the procedural background of his claim. He argues that had the district court considered *State v. Martin*, 52 Kan. App. 2d 474, 481, 369 P.3d 959 (2016), and *Neal*, 292 Kan. at 631, it would have held an evidentiary hearing on his claim, then ruled in his favor.

The State maintains that Hogan already litigated these sentencing issues in the district court, so res judicata bars his claim. The State alternatively argues that even if Hogan's claim somehow survives dismissal and succeeds on the merits, his criminal history score still would not change. Noting that entries 1, 9, and 16 were not objected to, the State argues that those three misdemeanors would aggregate to a person felony, so Hogan's score would still be A.

### Standard of Review

Res judicata is a question of law over which an appellate court has unlimited review. *State v. Moncla*, 317 Kan. 413, 415, 531 P.3d 528 (2023).

> "The doctrine of res judicata provides that 'where an appeal is taken from the sentence imposed and/or a conviction, the judgment of the reviewing court is res judicata as to all issues actually raised, and those issues that could have been presented, but were not presented, are deemed waived.' . . . The essence of the doctrine of res judicata is that issues 'once finally determined . . . cannot afterwards be litigated.' [Citations omitted.]" *State v. Kingsley*, 299 Kan. 896, 901, 326 P.3d 1083 (2014).

5

Whether a sentence is illegal is also a question of law over which appellate courts exercise unlimited review. See *State v. Daniels*, 319 Kan. 340, 342, 554 P.3d 629 (2024). And an appellate court also applies a de novo standard of review when the district court summarily denies a motion to correct an illegal sentence, as both courts have the same access to the motion, records, and files. *State v. Mitchell*, 315 Kan. 156, 158, 505 P.3d 739 (2022). A sentence is illegal under K.S.A. 22-3504 when: (1) it is imposed by a court without jurisdiction; (2) it does not conform to the applicable statutory provisions, either in character or the term of punishment; or (3) it is ambiguous about the time and manner in which it is to be served. See *Mitchell*, 315 Kan. at 158. When, as here, a defendant challenges the accuracy of a criminal history worksheet after sentencing, the burden of proof shifts to the defendant to prove criminal history by a preponderance of the evidence. K.S.A. 21-6814(c); see *Daniels*, 319 Kan. at 347 (stating that opportunity to challenge accuracy of conviction in criminal history worksheet "is procedurally specific and time sensitive").

*The District Court's Ruling*

In 2022, Hogan raised the same claims in his illegal sentence motion that he had raised at his 2011 sentencing. The district court thus reviewed the sentencing proceedings and objections to Hogan's criminal history score. It found:

- that the sentencing court held an evidentiary hearing;
- that Hogan raised the same claims in his 2022 illegal sentence motion as he had raised at his 2011 sentencing hearing;
- that the State had produced journal entries to the court during Hogan's sentencing hearing;
- that "there was potentially testimony offered to either support or refute those journal entries";

6

- that the court in 2011 sustained two objections but overruled Hogan's objections to the same three misdemeanors raised in Hogan's 2022 motion; and
- that the sentencing court found those same three misdemeanor entries valid and properly aggregated them to one person felony.

The district court concluded that res judicata applied because Hogan could have raised his sentencing issues in his direct appeal, but he failed to do so:

> "I do find that that issue has already been litigated regarding those journal entries, and it is therefore barred by res judicata. Obviously, the defendant could have raised those issues on appeal and he failed to do so. So, again, given that factor as well, I do refer to the record to [the State's] arguments, as well as what's already been filed in this case. I do find, based on that, that the sentence is not illegal and this Court therefore lacks jurisdiction. I am therefore denying the motion."

*Res Judicata as Applied to a Motion to Correct an Illegal Sentence*

Res judicata generally prevents a person from raising a particular claim after a court has finally ruled on it. *Moncla*, 317 Kan. at 415. "The doctrine generally bars a claim when the same parties are involved, the same claim was previously raised, and there has been a final judgment on the merits." 317 Kan. at 415. Kansas courts have applied res judicata to repeated motions to correct illegal sentences in limited circumstances. See, e.g., *State v. Conley*, 287 Kan. 696, 698, 197 P.3d 837 (2008) (stating rule permits res judicata when same issue was decided in defendant's direct appeal); *Moncla*, 317 Kan. at 416 (an appellate court's affirmation of a district court's summary denial of motion to correct illegal sentence is a final judgment on the merits); *State v. Martin*, 294 Kan. 638, 640-41, 279 P.3d 704 (2012) (issues raised and decided in direct appeal or in appeals from prior motions to correct an illegal sentence are res judicata and cannot be raised in later motions); *State v. Peterson*, No. 122,318, 2021 WL 834006, at * 3 (Kan. App. 2021) (unpublished opinion) (finding second illegal sentence claim barred

7

by res judicata because defendant failed to appeal district court's denial of his first motion raising the same issue).

Hogan admits that our general rule requires a defendant to raise all available issues on direct appeal. See *State v. Neer*, 247 Kan. 137, Syl. ¶ 1, 795 P.2d 362 (1990). But he relies on *Neal* in arguing that the district court should have applied an exception to reach the merits of his claim. *Neal* held that "the motion to correct illegal sentence is not subject to our general rule that a defendant must raise all available issues on direct appeal." 292 Kan. at 631. So a claim made in a motion to correct an illegal sentence may be reviewed even if it could have been included but was not included in a direct appeal. 292 Kan. at 631 (finding direct appeal which challenged other aspects of Neal's criminal history score did not preclude Neal from bringing illegal sentence motion challenging aggregation of misdemeanors); see *Moncla*, 317 Kan. at 415 (explaining that res judicata would not necessarily preclude an illegal sentence claim that could have been raised but was not raised in an earlier motion). Using that rationale, Hogan's failure to include this misdemeanor aggregation issue in his direct appeal does not bar his bringing that claim now in a motion to correct an illegal sentence.

Hogan also relies on *Martin*. That case similarly found res judicata inapplicable when a claim, if true, would render a sentence illegal and the claim had not been addressed on its merits in a direct appeal. See 52 Kan. App. 2d 474, Syl. ¶ 4. *Martin* reasoned that "interpreting the doctrine of res judicata to bar challenges of an illegal sentence merely because they *could* have been brought in a direct appeal would undermine the clear statutory directive that courts may correct an illegal sentence at any time under K.S.A. 22-3504(1)." 52 Kan. App. 2d at 481. Here, unlike in *Martin*, the defendant's claim was addressed on its merits during the sentencing hearing. Still, the fact that Hogan did not include his claim of sentencing errors in his direct appeal does not preclude him from raising that claim now in a motion to correct an illegal sentence.

8

By so finding, we do not mean to suggest that Hogan could repeatedly raise the same issues in multiple K.S.A. 22-3504 motions. The Kansas Supreme Court has recognized that even though a motion to correct an illegal sentence may be brought at "any time," a defendant cannot use successive motions to correct an illegal sentence to repetitively present arguments that have been considered and rejected on appeal. See *Moncla*, 317 Kan. at 415-17. "'A successive motion that merely seeks a "second bite" at the illegal sentence apple is susceptible to dismissal according to our longstanding, common-law preclusionary rules.' [Citation omitted.]" *Moncla*, 317 Kan. at 417. That statute's provision that an illegal sentence can be corrected "at any time" does not mean that Hogan could, by a K.S.A. 22-3504 motion, raise appellate issues previously determined against him. See *State v. Johnson*, 269 Kan. 594, 602, 7 P.3d 294 (2000) (holding that K.S.A. 22-3504 "may not be used as a vehicle to breathe new life into *appellate* issues previously abandoned or adversely determined" [emphasis added]). But this is Hogan's first appellate review of his first illegal sentence motion.

In the context of a motion to correct an illegal sentence, we recognize the exception that res judicata does not apply if a new development in the law shows that a previous illegal-sentence motion was improperly denied. *State v. Murdock*, 309 Kan. 585, 592, 439 P.3d 307 (2019). The threshold question of whether one's sentence was legal when pronounced "informs the applicability of preclusionary doctrines to K.S.A. 22-3504 motions." 309 Kan. at 590. Hogan apparently tries to meet this burden by citing *Neal*.

The petitioner in *Neal* argued an almost identical claim, claiming that the district court included uncounseled misdemeanors in calculating his criminal history score. Hogan claims that in reviewing the district court documents, our Supreme Court rejected the designation of "CPD" as providing sufficient evidence that a conviction was not uncounseled. But there, the journal entry indicated that counsel had entered his appearance on a date *after* Neal's conviction had occurred. Because it was uncertain whether Neal had counsel at the time he pleaded guilty and was convicted, our Supreme

9

Court remanded the case to the district court to hold an evidentiary hearing. 292 Kan. at 640.

But *Neal* is not a "new development in the law" showing that a previous illegal sentence motion was improperly denied, as *Murdock* requires. Even assuming that *Neal* was the kind of legal development that *Murdock* contemplates, and assuming that the sentencing court's denial of Hogan's sentencing claims was erroneous, *Neal* was decided *before* Hogan was sentenced and is thus not new. We thus do not agree that any exception to res judicata applies here.

Still, based on the general rule established in *Neal* and *Martin*, we believe the district court incorrectly found that the doctrine of res judicata barred Hogan's claim of an illegal sentence. Although Hogan had raised the same claims at sentencing and the sentencing court had ruled on them, his illegal sentence motion was the first means of arguing aggregation error by the sentencing court, and this is his first appellate challenge to that allegedly illegal sentence. Hogan may do so by a motion to correct an illegal sentence instead of by a direct appeal. The district court thus erred by finding that it lacked jurisdiction to consider Hogan's motion.

HOGAN DOES NOT REFUTE THE STATE'S ALTERNATIVE ARGUMENT.

Even though res judicata does not bar Hogan's claims, they still fail. The State alternatively asserts that even if Hogan's claim is not barred by res judicata and succeeds on the merits, his criminal history score would not change—Hogan did not object to entries 1, 9, and 16 and those three misdemeanors would aggregate to a person felony, so Hogan's score would still be an A. Although the State's brief devotes several pages to establish the details necessary to draw this conclusion, Hogan fails to address this alternative argument. Any issue not briefed is properly considered waived and abandoned. *Friedman v. Kansas State Bd. of Healing Arts*, 296 Kan. 636, 643, 294 P.3d

287 (2013). We thus affirm the district court as right for an alternative reason. See *State v. Phillips*, 312 Kan. 643, 673, 479 P.3d 176 (2021) (affirming the district court as right for the wrong reason even though it relied on a different rationale).

Affirmed.